The People ex rel. The New York Central and Hudson River Railroad Company, Relator, *v.* Egbert E. Woodbury et al., Constituting the State Board of Tax Commissioners, and the City of Buffalo, Respondents.
(And seven other cases.)

(Supreme Court, Albany Special Term, May, 1910.*)

Taxes — Equalization, correction and review of assessments — Correction and review — Certiorari — Review — Evidence in general; Presumptions and burden of proof.

> The tables made by the State Board of Equalization, by which it appears that real estate in Erie county is assessed at only seventy-six per cent. of its full value, supplemented by the tables of equalization made by the board of supervisors of Erie county as between the different tax districts therein, were sufficient *prima facie* proof that the percentage of assessed value of real estate in the Buffalo tax district was not greater than in the rest of the county; and if such percentage was incorrect as applied to the city of Buffalo, the largest tax district in the county, it was incumbent upon the defendants to show the fact; and, in the absence of any proof other than the formal oaths of the assessors attached to the local assessment rolls that they had assessed real estate at its full value, an equalization on a basis of a reduction of twenty-four per cent. is justified and required.

Chester, J. I find that my opinion in these cases was delivered to counsel before a statement had been inserted which I had intended to make therein with reference to the value as evidence of the equalization tables made by the State Board of Equalization. These tables, of course, relate to the county as a whole and not to the city of Buffalo, or to any single tax district in the county. They were supplemented by the tables of equalization made by the board of supervisors of Erie county, as between the different tax districts in the county. I think that this was sufficient *prima facie* proof that the percentage of assessed value of real estate in the Buffalo tax district was not greater than in the rest of the county. By the tables of the State board it appears that real estate in the county was assessed at only seventy-six

---

* Received too late for insertion in proper place.— [Rep.

per centum of its full value. The city of Buffalo is the largest tax district in the county. If this percentage was incorrect, as applied to that district, it was, under the circumstances, incumbent upon the defendants to show that. In the absence of any proof on their part showing it, other than the formal oaths of the assessors attached to the local assessment-rolls that they had assessed real estate at its full value, which are entitled to little weight in a matter of this kind, I think an equalization on the basis stated in the opinion was justified and required.

---

In the Matter of the Application of the Board of Water Supply of the City of New York to Acquire Real Estate in the County of Ulster, under Chapter 724 of the Laws of 1905 and the Acts Amendatory Thereof, for the Purpose of Providing an Additional Supply of Pure and Wholesome Water for the Use of the City of New York. Ashokan Reservoir. Parcels 20A, 44, 56A, 56B, 56C, 73, 275, 781, 800, 801 and 868. Northern Aqueduct. Parcels 154, 155, 145, 164B, 189, 201 and 209.

(Supreme Court, Rensselaer Special Term, November, 1911.)

Eminent domain — Condemnation proceedings: Tribunal to determine compensation: Commissioners; Appointment — Notice; Term of office; Appointment of successors.

The term of office of the commissioners appointed pursuant to chapter 724 of the Laws of 1905, to determine the awards to be made for lands taken for the additional water supply of the city of New York, is one year, and upon the expiration of that period other commissioners may be appointed to complete cases then remaining of which no disposition has been made.

Owners of property taken have no statutory right to have their cases disposed of by the particular commissioners first appointed, but their rights are satisfied by their being provided with an impartial tribunal.

The statutory notice required to be given for the appointment of the original commissioners by whose appointment and qualification title was instantaneously and absolutely transferred to the city is not required for the appointment of new commissioners